UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CIVIL ACTION NO. _____

SERVICE STEEL WAREHOUSE CO., L.P.

**Plaintiff**

JUDGE _____

**VERSUS**

MAG. JUDGE _____

**SAMUEL F. EAKIN**

**Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes **SERVICE STEEL WAREHOUSE CO., L. P.**, a Texas limited partnership (hereinafter, "Service Steel"), who, with respect represents:

1.

Made defendant herein is **Samuel F. Eakin**, an individual of the age of majority, believed to be currently domiciled in and a resident of the State of Maine.

2.

At all times relevant to the events described herein, Defendant Samuel F. Eakin (hereinafter, "Eakin"), was an owner, officer, director, and agent of the company known as Beaird Company, Ltd., a Louisiana corporation (hereinafter, "Beaird").

-1-

Case 3:10-cv-00151-BAJ -DLD   Document 1   03/04/10   Page 1 of 8

3.

During all or a substantial part of the time relevant to the events described herein, Defendant Eakin was residing in the State of Louisiana, and/or was working in the State of Louisiana, and maintained an office and/or residence in Baton Rouge, Louisiana.

4.

This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, for the reason that diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.

Commencing in January, 2005, and throughout 2005 and 2006, and into early 2007, Service Steel furnished Beaird with shipments of steel for use by Beaird in connection with specific construction projects, including but not limited to construction projects for Vestas North-America, a windmill turbine manufacturer, (hereinafter referred to collectively as "the Projects").

5.

Service Steel submitted invoices to Beaird for the steel sold to Beaird. However, despite demand therefor, and despite assurances by Eakin that payment in full would be made, there remains an unpaid principal balance due to Plaintiff for invoices totaling One Million Eight Hundred Thirty Five Thousand Seven Hundred Ninety Nine and 66/100 ($1,835,799.66) Dollars, or such other amount as Plaintiff may prove at the trial of this matter.

6.

Plaintiff believes, and therefore alleges, that Beaird received payment from the Project Owners for the steel purchased by Beaird from Service Steel for use in the Projects, but Beaird failed to pay the money owed to Service Steel.

7.

Eakin, who was listed as sixty (60%) percent owner and Chairman/CEO of the company on the Service Steel Credit Application/Agreement dated May 19, 2004 (a copy of which is attached to this Complaint as Exhibit "A"), at all relevant times was an agent of the company charged with and was in actual control and direction of the company's funds.

8.

On multiple occasions, and even into the year 2007, Eakin assured Service Steel that payment was forthcoming, and led Service Steel to believe that Beaird had not yet received payment from the Projects for the steel.

9.

Plaintiff believes, and thereafter alleges, that Eakin intentionally, knowingly, or with intent to defraud, disbursed or otherwise diverted funds received from the Projects without paying the Service Steel invoices.

10.

Beaird Company, Ltd. ultimately filed for relief pursuant to federal bankruptcy law, and Plaintiff has been unable to collect payment on the outstanding invoices.

11.

Pursuant to the Service Steel Credit Application/Agreement (Exhibit "A"), and pursuant to the terms and conditions set forth on the Service Steel invoices (a copy of

which is attached to this Complaint as Exhibit "B"), Texas law applies to litigation arising out of the transactions described herein.

12.

Pursuant to Tex. Prop. Code § 162.001, *et seq.*, the payments received by Beaird on the Projects were trust funds, and Defendant Eakin as an officer, director and owner of Beaird was charged with control and direction of said trust funds. By failing to disburse said trust funds to Service Steel, Eakin has breached his fiduciary obligation to Plaintiff, and is personally responsible for the payment of the outstanding invoices, together with attorney fees and interest as provided for by Texas law.

13.

In the alternative, and in the event that this Court determines that Louisiana law applies to this litigation and is determinative of the rights and obligations of the parties herein, then and that event, Defendant Eakin, as the agent of Beaird, had the responsibility to apply the Project payments to the Service Steel invoices, pursuant to LSA-R.S. 9:4814.

14.

Pursuant to LSA-R.S. 9:4814, as a result of Eakin's knowing failure to apply the money received from the Projects for the payment of the Service Steel invoices, Eakin is personally liable to Plaintiff for the unpaid invoices, together with civil penalties in the amount of not less than $500 nor more than $1000 for each $1,000.00 of misapplied funds, together with reasonable attorney fees and court costs.

**WHEREFORE,** premises considered, Plaintiff, Service Steel Warehouse Co., L.P., prays that after due proceedings had, there be judgment herein, in its favor, and against Defendant, Samuel F. Eakin, in the principal amount of One Million Eight Hundred Thirty

Five Thousand Seven Hundred Ninety Nine and 66/100 ($1,835,799.66) Dollars, or such other amount as may be proven at trial, together with such civil penalties, attorneys fees and contractual and/or legal interest to which Service Steel may be entitled by law.

Respectfully submitted,

/s/ Lisa Brener
Lisa Brener (La. Bar #1809)
Kristopher T. Wilson (La. Bar #23978)
Benjamin K. Kadden (La. Bar #29927)
LUGENBUHL, WHEATON, PECK, RANKIN
& HUBBARD
601 Poydras St., Suite 2775
New Orleans, LA 70130
Tel. (504) 568-1990
lbrener@lawla.com

# SERVICE STEEL WAREHOUSE CO., L.P.



P.O. BOX 9607
HOUSTON, TEXAS 77213
TEL: (713) 675-2631   FAX: (713) 672-7559
(800) 675-9929

### Credit Application/Agreement

**Name of Business:** BEAIRD COMPANY, LTD
**Phone No.:** 318-671-5400
**Fax No.:** 318-868-1701

**Main Contact Person:** _____
**Address (Street):** _____

**Address (City, State, Zip):** 601 BENTON KELLY ST. SHREVEPORT, LA 71106
**Year Business Opened:** MARCH 2004

**Bus. Entity:** ___ individual ___ partnership _X_ corporation ___ other (specify: _____)
___ check here if started within last 12 months

**Taxable:** Yes___  No _X_

**Tax ID#:** 20-0790502 _____ (please attach tax exemption certificate)

**Name(s) of Business Owner(s)** | **Position/Title** | **% Ownership**
1. SAMUEL F. EAKIN | CHAIRMAN/CEO | 60%
2. ____
3. ____

**Information on Majority Owner of Business:**

**Texas Driver's License No.:** 003581653 LA
**Social Security No.:** 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
**Date of Birth:** 03/02/55

**Home Address (Street):** 9311 BLUEBONNET BLVD
**Home Address (City, State, Zip):** BATON ROUGE LA 70810

**How long lived in current home?** ___ Years.
**Current home is:** ___ own  ___ rent

**Have you or any other owner in the business ever filed for bankruptcy?** Yes___ No _X_

**Trade References:**

| Name | Address | Telephone No | Fax No. |
|------|---------|--------------|---------|
| 1. | | | |
| 2. | | | |
| 3. | | | |

**EXHIBIT A**

Unofficial Copy Office of Loren Jackson District Clerk



# SERVICE STEEL WAREHOUSE CO., L.P.

P.O. BOX 9607
HOUSTON, TEXAS 77213
TEL: (713) 675-2831  FAX: (713) 672-7559
(800) 675-9929

Bank Reference:

| BANK ONE | GENE CLARK | 318-226-2258 |
|---|---|---|
| Bank Name | Bank Officer | Telephone No. |

_____  _____  _____
Address (Street)   City and State   Account No.

Person Responsible for Paying Applicant's Bills:

Name __Dale Sale__  Title __Controller__

Estimated Average Monthly Charges: _____

Recent Financial Statements/Tax Returns Attached: Yes___ No___

1% Net 10 / Net 30

CREDIT TERMS: I/We agree that: (a) proper payment is due and owing according to terms described on invoices received, (b) all past due amounts shall bear simple interest at 1.5% per month, (c) I/We shall pay reasonable attorney's fees incurred by Service Steel Warehouse Co., L.P. ("Service") for collection, (d) venue is proper in the courts of Harris County, Texas, (e) Texas law applies without regards to its conflict of law rules, (f) Service is not obligated to extend credit, (g) all of the information on this form is true and correct, and (h) Service (to make a credit decision) is authorized to contact the references listed herein and I/We direct such references to fully cooperate with the investigation of our credit.

__Robin Spahr__    __Purchas.__    __5-19-04__
Signature           Title            Date Signed

*Complete the Personal Guaranty below if this account is for: a corporation in business for less than two years, a partnership, or a proprietorship.*

PERSONAL GUARANTY: In consideration of Service Steel Warehouse Co., L.P. ("Service") financing purchases under the terms of this Agreement, the undersigned agrees to hereby unconditionally personally guarantee payment and performance, under the terms of the Agreement including any assignee. This is a guarantee of payment and not merely of collection. The undersigned agrees to pay, upon demand any amount owed by Buyer to Service and due under the terms of the agreement. Service shall not be required to initiate any action against, nor exhaust any remedies with respect to Buyer or any other Guarantor prior to making demand upon the undersigned Guarantor. The undersigned Guarantor hereby waives any notices regarding the Agreement or this guaranty, and agrees that this guaranty shall be applicable for as long as the Agreement shall be in effect. The undersigned Guarantor hereby agrees that Service may extend the time for payment and release any other security for the agreement without affecting in any way the obligations of the undersigned Guarantor. The undersigned waives any and all suretyship defenses.

| Signature (Absent Title) | Social Security # Home Address | City, State, Zip |
|---|---|---|
| Signature (Absent Title) | Social Security # Home Address | City, State, Zip |
| Signature (Absent Title) | Social Security # Home Address | City, State, Zip |

1.5% interest would not apply if terms of P.O. are not met.

2

## TERMS AND CONDITIONS

### TERMS
(Unless Otherwise Specified in Writing)
NET DUE 30 DAYS FROM DELIVERY DATE

### CONDITIONS

NO TERMS OR CONDITIONS, OTHER THAN THOSE STATED HEREIN, AND NO AGREEMENT OR UNDERSTANDING, ORAL OR WRITTEN, IN ANY WAY PURPORTING TO MODIFY THESE TERMS AND CONDITIONS, WHETHER CONTAINED IN BUYER'S PURCHASE OR SHIPPING RELEASE FORMS, OR ELSEWHERE, SHALL BE BINDING ON SELLER WITHOUT SELLER'S EXPRESS WRITTEN CONSENT. ANY SUCH ATTEMPTED MODIFICATIONS ARE HEREBY REJECTED BY SELLER. ALL PROPOSALS, NEGOTIATIONS, AND REPRESENTATIONS, IF ANY, MADE PRIOR TO OR CONTEMPORANEOUSLY HEREWITH AND WITH REFERENCE HERETO, ARE MERGED HEREIN. NO MODIFICATION OF THE TERMS AND CONDITIONS CONTAINED HEREIN SHALL BE BINDING UPON SELLER WITHOUT THE EXPRESS WRITTEN CONSENT OF SELLER.

Quotations and Sales FOB Origin, Freight Collect. All quotations and sales are FOB Origin, Freight Collect, unless otherwise specified on the face hereof. Seller's responsibility ceases upon delivery to carrier or upon tender to Buyer's agent, whichever occurs first, and title shall transfer and risk of loss goods shall be borne by Buyer at that point. Buyer shall be solely responsible for filing and pursuing any claims with carriers for loss or damage in transit. Any Hot Shot or other premium transportation charges requested by Buyer will be for the account of the Buyer. A minimum shipping and handling charge may apply on any order of less than $500.00.

Seller's Written Consent Required to Modify, Cancel or Alter Orders. Buyer cannot modify, cancel or otherwise alter orders after goods are in process without Seller's written consent. Any such cancellation, modification, or alteration shall be subject to conditions as negotiated at such time, which shall include protection of Seller against loss. Goods returned without Seller's consent shall not be accepted.

Delay in Delivery. Delivery dates are approximate. Seller uses reasonable efforts to ship within the time specified, but does not guarantee to do so and shall not be liable for any damage caused by delay in delivery, irrespective of the cause of delay. Railroad and other transportation permits, as and when required, are to be obtained by Buyer.

Prices and Quotations Subject to Change. Prices, whether herein stated or heretofore quoted or proposed, are subject to adjustment to reflect the Seller's prices in effect at time of shipment. All quotations are subject to change without notice and to prior sale of goods. Such purchase price must be paid in accordance with the terms on the face hereof without deductions, set-offs, counterclaims, back charges, or any other charges whatever and the obligations of Buyer to Seller shall remain unimpaired irrespective of disputes which may arise between Buyer and other persons or entities. No claims for price adjustments will be honored unless presented within one year from date of invoice.

Express Warranty. Subject to the standard manufacturing variations, Seller warrants that goods sold by Seller and furnished hereunder shall meet the specifications set forth on the face hereof. THIS WARRANTY IS GIVEN IN LIEU OF ALL OTHER EXPRESS OR IMPLIED WARRANTIES. Except for this express warranty, the goods are sold "AS IS" and "WITH ALL FAULTS".

Disclaimer of Implied Warranties. ALL IMPLIED WARRANTIES, INCLUDING, BUT NOT LIMITED TO, THOSE OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE HEREBY DISCLAIMED.

Limitation of Buyer's Remedies – Goods Resold by Seller. No claims for damages for goods that do not conform to specifications or are otherwise defective will be allowed unless Seller is given immediate notice after delivery of goods to the first destination to which they are shipped and allowed an opportunity to inspect them. Goods for which damages are claimed should not be returned, repaired or discarded without Seller's written consent. TO THE FULLEST EXTENT ALLOWED BY LAW, BUYER'S EXCLUSIVE REMEDY AGAINST SELLER, AND SELLER'S SOLE OBLIGATION, FOR ANY AND ALL CLAIMS, WHETHER FOR BREACH OF CONTRACT, WARRANTY, TORT (INCLUDING NEGLIGENCE) OR OTHERWISE, SHALL BE LIMITED TO SELLER'S REPLACING GOODS THAT DO NOT CONFORM TO SPECIFICATIONS OR ARE OTHERWISE DEFECTIVE, OR, AT SELLER'S OPTION, REPAIRING SUCH GOODS OR REFUNDING THE PURCHASE PRICE. IN NO EVENT SHALL SELLER HAVE ANY LIABILITY FOR DAMAGES IN AN AMOUNT EXCEEDING THE AMOUNT OF THE PURCHASE PRICE OF THE GOODS SOLD HEREUNDER, NOR SHALL SELLER HAVE ANY LIABILITY FOR SPECIAL, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES. Claims must be made promptly following delivery of the goods, and must in all events be made in writing within one year from date of tender of delivery. Buyer agrees that it is to be solely responsible for, and will hold Seller harmless from any claims, regardless of their basis, by Buyer or third parties that may arise from the goods after delivery, except for those remedies expressly set forth above.

Limitation of Buyer's Remedies - Goods Furnished by Buyer. With respect to any work performed on goods furnished by Buyer (including but not limited to repairing, welding, machining, fabricating, heat treating and forging), Seller agrees to make every effort to perform fully such work in accordance with Buyer's specifications. SELLER SHALL BE RESPONSIBLE FOR DAMAGES TO SUCH GOODS CAUSED ONLY BY SELLER'S NEGLIGENCE, IN WHICH CASE BUYER'S EXCLUSIVE REMEDY AGAINST SELLER, AND SELLER'S SOLE OBLIGATION, SHALL BE LIMITED TO THE REFUND OF THE PRICE FOR THE WORK TO BE PERFORMED BY SELLER. IN NO EVENT SHALL SELLER HAVE ANY LIABILITY FOR DAMAGES IN AN AMOUNT EXCEEDING THE AMOUNT OF THE PRICE TO BE PAID FOR THE WORK TO BE PERFORMED BY SELLER, NOR SHALL SELLER HAVE ANY LIABILITY FOR SPECIAL, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES. Claims must be made promptly following delivery of the goods, in any event within three months from the date the goods are put into operation and not more than one year after date of tender of delivery by Seller. Seller must be given a reasonable opportunity to investigate any work not meeting specifications.

Taxes. All federal, state, dominion, provincial or municipal taxes now or hereafter imposed in respect of the goods sold by the Seller and/or the processing, manufacture, delivery, transportation and/or proceeds of the goods herein specified shall be for the account of the Buyer and if taxes are required to be paid by the Seller, the amount thereof shall be added to and become part of the price payable by the Buyer. Buyer agrees to pay all such taxes and further agrees to reimburse Seller for any such payments made by Seller.

Payment. Payment shall be made at par in legal tender of the United States of America. Buyer shall make such arrangements for terms of payment as Seller's treasurer shall from time to time require. Seller may, at its option, suspend performance if in its opinion the credit of Buyer becomes impaired until such time as Seller has received full payment or satisfactory security for deliveries made and is satisfied as to Buyer's credit for future deliveries. If Buyer fails to make payment in full or refuses satisfactory security, then Seller shall have the right to enforce payment of the full purchase price for goods already shipped or in process, and may either cancel the unfinished portion of the order, or may proceed with the order, in which latter event Seller shall be entitled to such extension of time for performance as is necessitated by the suspension.

Attorney Fees & Interest. If it becomes necessary to place the account in the hands of an attorney for collection, Buyer agrees to pay reasonable attorneys' fees incurred by the Seller. Buyer shall pay interest of 18% per annum for all accounts after the due date, provided, however in no event shall Buyer be required to pay any amount beyond the maximum allowed by law.

All Payments Applied Against Full Amount Owed. Checks or payments, whether full or partial, received from or for the account of Buyer, regardless of writings, legends or notations upon such checks or payments, and regardless of other writings, statements or documents, shall be applied by Seller against the amount owing by Buyer with full reservation of all of Seller's rights and without an accord and satisfaction of Buyer's liability.

Force Majeure. In the event of any delay in Seller's performance or Seller's inability to perform due to fire, explosion, strike, shortage of utility, facility, material or labor, delay in transportation, breakdown or accident, compliance with any other action taken to carry out the intent or purpose of any law or regulation, or other causes beyond Seller's control, Seller shall not be liable for any direct or indirect damage or loss due to any such causes. In the event of any of the foregoing, Seller may apportion its production and all the material among its customers as Seller, in its sole discretion, considers equitable.

Incorporation of All Legally Required Clauses. Any clause required to be included in a contract of this type by any applicable law or administrative regulation having the effect of law shall be deemed to be incorporated herein. It is hereby certified that the goods manufactured by Seller are produced in accordance with the Fair Labor Standards Act.

Non-Waiver of Terms, Conditions or Limitations. Failure of the Seller to enforce any of these terms and conditions shall not be construed as a waiver thereof or a waiver of any other terms, conditions, or limitations contained herein, and the failure of Seller to exercise any rights arising from a default of Buyer shall not be deemed to be a waiver of such right or any other right.

Texas Law Shall Apply; Consent to Jurisdiction. These terms and conditions shall be governed by the laws of the State of Texas in effect on the date hereof (without regard to its choice of law provisions) and without regard to which party drafted the language herein, prior course of dealing, course of performance or usage of trade. If any of such terms, conditions, or limitations are, in whole or part, held to be in violation of applicable law, these terms and conditions shall be interpreted as if such provisions were limited to the extent legally permitted or if such provision is prohibited in its entirety, it shall be null and void, and these terms and conditions as so modified shall remain in full force and effect. Buyer, acting for itself and its successors and assigns, hereby expressly and irrevocably consents to the exclusive jurisdiction of the state and federal courts of Texas sitting in Houston, Texas for any litigation which may arise out of or be related to these terms and conditions. Buyer waives any objection based on forum non-conveniens or any objection to venue of any such action.

VIA OSHA'S RIGHT TO KNOW LAW, STEEL MAY POSE A HEALTH HAZARD WHEN VAPORIZED. SEE THE MSDS ON THE PRODUCT FOR MORE INFORMATION.

**EXHIBIT B**