UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SERVICE STEEL
WAREHOUSE, CO., L.P.

CIVIL ACTION

VERSUS

NO. 10-151-BAJ-DLD

SAMUEL F. EAKIN

**RULING**

This matter is before the Court on a motion by defendant, Samuel Eakin, to dismiss plaintiff's complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (doc. 15). Jurisdiction is based on 28 U.S.C. § 1332.

**PROCEDURAL BACKGROUND**

Plaintiff, Service Steel Warehouse Co., L.P., filed the complaint in this matter on March 4, 2010, alleging liability under Tex. Prop. Code § 162.001, *et seq.*, and alternatively under LSA-R.S. 9:4814, for breach of fiduciary duty regarding unpaid invoices. Plaintiff asserts that defendant, Samuel Eakin, as an agent for Beaird Company, Ltd., is personally liable to plaintiff under the aforementioned statutes for the balance of unpaid invoices along with appropriate civil penalties.

On November 10, 2010, defendant filed a Motion to Dismiss For Lack Of Personal Jurisdiction under Rule 12(b)(2). Plaintiff subsequently filed a timely

opposition to defendant's motion, which was followed by further memoranda by each party.

## LAW AND DISCUSSION

This Court has the authority to assert personal jurisdiction over a nonresident defendant if doing so comports with state law and constitutional due process. *Interfirst Bank Clifton v. Fernandez*, 844 F.2d 279, 282 (5th Cir. 1988). The burden of proof on a 12(b)(2) motion to dismiss lies with the plaintiff. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Without an evidentiary hearing, the plaintiff satisfies the burden of proof by showing a *prima facie* case for personal jurisdiction. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Factual conflicts presented in the opposing affidavits are resolved in favor of the plaintiff in determining whether personal jurisdiction is appropriate. *Id.*

The two basic elements involved in asserting personal jurisdiction are: (1) whether the defendant is amenable to service of process under the law of the forum state, and (2) whether exercising jurisdiction comports with due process. *Spademan*, 772 F.2d at 1189. The Louisiana long-arm statute allows the Court to assert jurisdiction to the extent permitted by due process, therefore the inquiries merge into whether exercising jurisdiction would comport with due process. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

In *International Shoe Co. v. Washington*, the Supreme Court set forth a two-part constitutional test for personal jurisdiction, holding that the defendant must engage in "certain minimum contacts with [the forum] such that the maintenance

of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. 310, 316 (1945) (citing Milliken v. Meyer, 311 U.S. 457, 463 (1940)); *Interfirst*, 844 F.2d at 282. In *Hanson v. Denckla*, the Supreme Court concluded that the defendant must have purposefully availed himself of the benefits and protections of the forum's laws in order to be subject to suit there. 357 U.S. 235, 253 (1958). The Court later held that personal jurisdiction is proper when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006).

A nonresident defendant's contacts may support either specific or general jurisdiction. *Interfirst*, 844 F.2d at 283. Specific jurisdiction over a nonresident defendant is present where the "suit arises out of or [is] related to the defendant's contacts with the forum…." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); see also, *Clemens v. McNamee*, 615 F.3d 374, 378-379 (5th Cir. 2010) (stating that "[s]pecific jurisdiction … requires a sufficient nexus between the nonresident's contacts with the forum and the cause of action"). Alternatively, general jurisdiction exists "when a nonresident defendant's contacts with the forum are substantial, continuous, and systematic" *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 414-419 (1984)).

In determining whether a court has general jurisdiction over a defendant, the court may consider the defendant's contacts with the forum "over a reasonable number of years up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 717 (5th Cir. 1999). The defendant's contact with the forum must be extensive and cannot be "random, fortuitous, or attenuated…" to meet the test of personal jurisdiction. *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). The Court must also consider whether it is fair to require the defendant to defend himself here in light of the state's interest in providing a forum for the litigation and the convenience to the parties. *Brown v. Flowers Industries, Inc.*, 688 F.2d 328 (5th Cir. 1982). Asserting jurisdiction over the nonresident defendant cannot offend "traditional notions of fair play and substantial justice." See *International Shoe Co. v. Washington*, *supra*.

The threshold issue before the Court is whether the defendant had sufficient minimum contacts with Louisiana to support the exercise of personal jurisdiction in this matter. The Court notes that the cause of action is based on alleged representations made by the defendant in his role as the corporate representative of a Louisiana corporation. The Fiduciary Shield Doctrine, however, provides that "an individual's transaction of business within a state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *Spademan*, 772 F.2d at 1197. "[T]he general rule is that jurisdiction over an individual cannot be predicated upon

jurisdiction over a corporation…" *Id.* Thus, the Fiduciary Shield Doctrine precludes a finding of specific jurisdiction based solely upon that particular contact.

The Court, however, notes that defendant's other contacts with the forum support a finding of general jurisdiction. The Court may consider contacts over a reasonable time prior to the filing of the suit, and, in doing so, the Court finds that defendant's contacts were substantial and continuous, and that they extend well beyond the scope of the Fiduciary Shield Doctrine. The defendant does not dispute that he maintained a residence in Louisiana until 2003, or that he paid Louisiana income taxes, registered a vehicle in the state, and served as the director, member, officer, and/or agent for numerous Louisiana businesses. All of these connections to Louisiana demonstrate that the defendant purposefully availed himself of the privileges and protection of Louisiana's laws. Moreover, these contacts were not arbitrary, random, or intermittent, but demonstrate a continuous and systematic relationship with Louisiana sufficient to establish grounds for general jurisdiction.

## CONCLUSION

For all the above reasons, defendant's Motion to Dismiss For Lack Of Personal Jurisdiction (doc. 15) is hereby **DENIED.**

Baton Rouge, Louisiana, August 5, 2011.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**