# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SERVICE STEEL WAREHOUSE CO., L.P    CIVIL ACTION

VERSUS                              NUMBER 10-151-BAJ-DLD

SAMUEL F. EAKIN

## ORDER

This matter is before the court on a referral from the district court on plaintiff's motion to compel responses to requests for production (rec. doc. 40), filed herein on May 1, 2012. (rec.doc. 40)  Plaintiff stated in its motion that it propounded discovery to non-party, Samara L. Abadie, trustee for Beaird Company, Ltd. on March 12, 2012, and while some documents were produced, others were not.  Also, according to Local Rule 7.4, any opposition to this motion was required to be filed within twenty-one (21) days after service. The non-party's response to the motion was due May 22, 2012, but as of June 5, 2012, the court has not received such response.

*Background*

Plaintiff alleges that in late 2004 or early 2005, it established a business relationship with Beaird Company, wherein plaintiff agreed to provide steel or steel products to Beaird and would be paid by Beaird whenever Beaird's customers paid Beaird.  Eakin, the defendant in this suit, was Beaird's "owner, officer, director and agent, and managed and/or controlled all of Beaird's financial affairs," and he negotiated Beaird's business relationship with plaintiff.  Plaintiff alleges that Beaird owed more than $1.8 million to it, but that Eakin "intentionally, knowingly, or with intent to defraud" diverted the funds received from Beaird's

customers to himself and/or his other business entities. (rec.doc. 40-1, pg. 2) Beaird filed for Chapter 7 bankruptcy, and the non-party was appointed as Beaird's trustee.

***The Motion to Compel***

Plaintiff propounded discovery to defendant, basically seeking to discover whether or not Beaird's clients had paid Beaird, and if so, where those payments were disbursed. Eakin attested that the relevant financial information was held by Beaird itself, which resulted in the Rule 45 subpoena to the non-party Trustee. Plaintiff states that the non-party did not move to quash the subpoena or otherwise object to it, and after receiving the subpoena, Beaird informed plaintiff that the physical files were contained in a Baton Rouge storage facility, and the electronic files were held by Grace Information Services, LLC, in Shreveport, Louisiana. Plaintiff states that Beaird agreed to produce all documents, and plaintiff agreed that it would "assume the burden in locating the responsive documentation in the physical file, and directly pay the costs associated with its production"; and Beaird would direct Grace to produce the electronic files at plaintiff's cost. (Id., at pg. 4)

Plaintiff reviewed the physical files, and learned recently from Beaird that certain portions of its physical files were not in the storage facility but instead were being held by Beaird's own counsel of record, Doug Stewart, presumably in connection with Beaird's Adversary Complaint of December 9, 2010. Plaintiff contends that Beaird agreed to produce the physical file held by its counsel. Moreover, plaintiff has not yet received the electronic files from Grace. Id. Plaintiff now requests an order compelling the immediate production of the outstanding physical file from Beaird's counsel and the electronic files from Grace.

-2-

Case 3:10-cv-00151-BAJ-DLD   Document 42   06/07/12   Page 2 of 3

As the non-party trustee failed to respond to the motion to compel, and provided this court without an adequate excuse for its failure to obey the subpoena under Rule 45(e), along with plaintiff's agreement to assume the cost of production, the court will grant the motion to compel, and order the non-party trustee to produce the outstanding discovery within 14 days of receipt of this order.

Accordingly,

**IT IS ORDERED** that the motion to compel is **GRANTED**. The non-party trustee shall fully respond to the Rule 45 subpoena within 14 days of receipt of this order. No attorneys' fees or costs are awarded at this time; however, repeated failure to respond may result in sanctions, including the recommendation of contempt sanctions under Rule 45(e).

**IT IS FURTHER ORDERED** that the clerk of court shall serve a copy of this Order upon Samera L. Abide, as Chapter 7 Trustee for The Beaird Co., Ltd., 10935 Perkins Road, Baton Rouge, LA 70810.

Signed in Baton Rouge, Louisiana, on June 7, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**